DR. KERRY MONICK, Plaintiff-Appellee, *v.* STATE OF HAWAII, Defendant-Appellant

NO. 8054

S. P. NO. 5256

MARCH 19, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND
RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* In this case we examine a search warrant and its supporting affidavit used by the State to seize forty-two sets of patient medical records from the office of plaintiff-appellee Dr. Kerry Monick. In a special proceeding, the circuit court suppressed thirty-eight sets of these records on the ground that the warrant was unconstitutionally overbroad in scope to warrant their seizure.[1] From this order, the State has appealed. We affirm.

The single affidavit supporting the search warrant given by the State investigator identified by name only four of those patients whose records were seized. Each of the four gave accounts refuting instances of medical treatment to their persons by Dr. Monick for which medical claims were made by her against the State Medicaid

---

[1] Fourth and fourteenth amendments, U.S. Constitution, and art. I, § 5, Hawaii State Constitution.

Program. The affidavit did not identify by name or identify in any other way the remaining thirty-eight patients, nor in any way describe or mention any mendacity committed by Dr. Monick in her claims for their medical treatments. The investigator expressed belief that false claims were filed against the medicaid program and that the office medical records constituted evidence of the crime of theft in violation of § 708-830 of the Hawaii Revised Statutes.

The search warrant commanded the State to "search the premises (Dr. Monick's) . . . for any notes, memorandum or records . . . relating to in-patient visits relating to Hawaii Medicaid beneficiaries and an HMSA-Basic beneficiary . . . as are evidence of the crime of theft from the State Medicaid funds." Appended to the search warrant, however, was the list of names of the forty-two patients.

We are required to examine the affidavit supporting the search warrant to determine whether probable cause exists for the seizure of the thirty-eight sets of patient records. It is fundamental that no warrant may issue except upon probable cause. *State v. Kalai*, 56 Haw. 366, 537 P.2d 8 (1975). Probable cause is said to exist when facts and circumstances within one's knowledge and of which one has reasonable trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed. *State v. Decano*, 60 Haw. 205, 588 P.2d 909 (1978).

We conclude from our examination of the affidavit that there is absence of any facts and circumstances to warrant a reasonable person to conclude that Dr. Monick committed any crime with respect to any of the thirty-eight patients. The State argues that justification can be found by inference — that the fraud committed relative to the four named patients supported an inference that fraud was likewise committed relative to the others.

We disagree. Inferences to be drawn from facts must be legitimate and reasonable. We hardly think that the sample of four was large enough to draw any legitimate conclusion of theft as to the remaining thirty-eight.

We uphold the trial court's finding that the search warrant was unconstitutionally overbroad.

Affirmed.

*Patrick W. Border*, Deputy Attorney General, for defendant-appellant.

*John S. Edmunds (Ronald J. Verga* with him on the brief, *John S. Edmunds,* Attorney at Law, a Law Corporation, of counsel) for plaintiff-appellee.